Filed 7/13/21

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DUSTIN LIVINGSTON AGNELLI,<br><br>    Defendant and Appellant. | 30-2020-01139174<br><br>(Super. Ct. No. 18HM01295)<br><br>OPINION |

Appeal from a judgment of the Superior Court of Orange County, Harbor Justice Center, Joy W. Markman, Judge. Reversed.

\*     \*     \*

Defendant Dustin Livingston Agnelli appeals his conviction for using an electronic tracking device (Pen. Code, § 637.7, subd. (a)).[1] He contends section 637.7, subdivision (a) is unconstitutionally vague as applied to him. We agree and reverse.

---

[1] All statutory references are to the Penal Code.

# BACKGROUND

Agnelli was charged with using an electronic tracking device (§ 637.7, subd. (a)) (Count One), attempting to dissuade a witness from testifying (§ 136.1, subd. (a)(2)) (Count Two), and violating a protective order (§ 166, subd. (c)(1)) (Count Three).

The victim initiated divorce proceedings against Agnelli in October 2016.  They have a son, who is five years old.

On April 8, 2017 around 1:00 p.m., the victim, her son, and a friend visited Terranea Resort in Rancho Palos Verdes.  The victim drove the three of them in her Nissan Altima.  She and Agnelli are co-registered owners of this vehicle, but she testified that she was making payments on this vehicle. The victim did not inform Agnelli she was going to the resort, and she did not believe anyone would have communicated to Agnelli her plans to be there. At the resort, the victim saw Agnelli walking behind them at a distance of about one-and-a-half length of a courtroom. She made eye contact with Agnelli, he turned away, and he started "running back" towards the parking lot.

The victim was surprised and "freaked out" by Agnelli's presence. She saw Agnelli's vehicle, a black Mercedes, in the parking lot. The victim searched her vehicle and found a magnetically-attached tracking device underneath. She did not give Agnelli permission to place the tracking device on her vehicle.  The victim removed it and reported the incident to the police.

Sergeant De La Rosa of the Orange County Sherriff's Department investigated this incident. She conversed with Agnelli on the phone. Agnelli admitted the tracking device belonged to him, and requested the return of the device. De La Rosa confirmed that Agnelli and the victim were co-registered owners of the vehicle.

Agnelli testified he paid for the Nissan Altima, the victim is the primary driver of the vehicle, and that he and the victim are co-registered owners. Although the victim is the primary driver, Agnelli would frequently drive the vehicle on family trips with the victim and their son. Agnelli purchased the tracking device to place on the vehicle while they are on family trips to prevent theft. He testified that he, the victim, and their son went on a family trip to Mexico a few weeks prior to April 2017, and he told the victim that he would be placing the tracking device on the vehicle. Agnelli admitted to using the tracking device to locate the vehicle on April 8, 2017.

Agnelli moved to dismiss Count One pursuant to section 1118.1. Agnelli argued that the evidence is insufficient to sustain a conviction because "The law is unclear if there is more than one registered owner. . . . [Here, a] registered owner did consent to it." The court denied the motion.

Defense counsel argued in her closing statement: "The law is unclear as to what happens if there is more than one registered owner. Mr. Agnelli, being a registered owner of the vehicle, thought he could put a device on his vehicle that he was a registered owner of. The law does not say what happens if there's two registered owners, and we follow the law, and the law does not prevent or make that an exception to the exception."

The prosecuting attorney stated in his rebuttal argument: "[Defense counsel] Ms. Balmer stated that the law is just not clear about Count I, about the GPS tracker.........You decide whether that's clear or not."

The jury submitted the following question to the court: "Jury is struggling with ambiguity of exception under Penal Code 637.7(a). [¶] Specifically, can you provide clarity around whether, in the case of two registered owners, if one or both of those owners need to consent to use of tracking device on car?"

Outside of the presence of the jury, the court discussed this question with counsel and stated: "this not surprising because this is an issue the Court brought up right away . . . prior to jury selection......... And I know both of you talked about this, and you both talked about it to the jury in your arguments, of course. This is still a big issue......... It's a legal question; it's not a factual question. They're asking the Court for guidance. [¶] Generally . . . in jury trials, I'm more than happy to provide legal answers to legal questions the jury has. I can't do it on this one; I don't have the answer." The court further stated: "I think there's appellate law saying, when a statute is vague, they leave something out, it's not clear, that it almost deprives a defendant of due process because: How will someone know if they're violating the statute if the courts can't even figure it out because the text left out essential language? And what is the remedy? Unfortunately, it's something after trial."

Defense counsel verbally requested the court to dismiss Count One as unconstitutionally vague. The court denied the motion to dismiss.

The court instructed the jury: "Regarding Count One, Pen. Code 637.7(a), this court cannot comment any further on the law. You may want to review again the language in the instruction entitled: 'Penal Code 637.7(a) Use of Electronic Tracking Device to Determine Another Peron's Location or Movement.'"

The jury found Agnelli guilty for using an electronic tracking device (Count One). The jury found Agnelli not guilty for attempting to dissuade a witness from testifying (Count Two) and violating a protective order (Count Three).

The imposition of sentence was suspended and Agnelli was placed on three years of informal probation.

4

DISCUSSION

Agnelli contends section 637.7, subdivision (a) is unconstitutionally vague because it does not address the situation where the defendant and the victim are co-registered owners of the vehicle. The People concede the conviction should be reversed. We also agree and reverse.

"The interpretation of a statute and the determination of its constitutionality are questions of law. In such cases, appellate courts apply a de novo standard of review." (*People v. Health Laboratories of North America, Inc.* (2001) 87 Cal.App.4th 422, 445.)

Unlike a facial challenge, where the defendant must show the statute is impermissibly vague in all of its application (*People v. Morgan* (2007) 42 Cal.4th 593, 606), the defendant making an as applied challenge must show that the statute is impermissibly vague as it was enforced against him in light of the facts and circumstances of his particular case (*People v. Nguyen* (2013) 212 Cal.App.4th 1311, 1326 (*Nguyen*)). For an as applied challenge, we evaluate the propriety of the application of the statute on a case-by-case basis. (*Ibid.*)

"'The constitutional interest implicated in questions of statutory vagueness is that no person be deprived of "life, liberty, or property without due process of law," as assured by both the federal Constitution (U.S. Const., Amends. V, XIV) and the California Constitution (Cal. Const., art. I, § 7).' [Citation.] To satisfy the dictates of due process, a criminal statute must satisfy two requirements. 'First, the provision must be definite enough to provide a standard of conduct for those whose activities are proscribed........[¶] Second, the statute must provide definite guidelines for the police in order to

prevent arbitrary and discriminatory enforcement.' [Citations.]" (*People v. Abbate* (2020) 58 Cal.App.5th 100, 108-109.)

"""The starting point of our analysis is 'the strong presumption that legislative enactments "must be upheld unless their unconstitutionality clearly, positively, and unmistakably appears. [Citations.] A statute should be sufficiently certain so that a person may know what is prohibited thereby and what may be done without violating its provisions, but it cannot be held void for uncertainty if any reasonable and practical construction can be given to its language."'"" (*Nguyen, supra*, 212 Cal.App.4th at p. 1326.)

"""There are three related manifestations of the fair warning requirement. First, the vagueness doctrine bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' [Citations.] Second, . . . the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered. [Citations.] Third, although clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute [citations], due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope [citations]. In each of these guises, the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal."'" (*Nguyen, supra*, 212 Cal.App.4th at pp. 1326-1327.)

Section 637.7, subdivision (a) provides: "No person or entity in this state shall use an electronic tracking device to determine the location or movement of a person." Section 637.7, subdivision (b) provides: "This section

6

shall not apply when the registered owner, lessor, or lessee of a vehicle has consented to the use of the electronic tracking device with respect to that vehicle."

We are persuaded that the statute, as applied to Agnelli, is impermissibly vague under both Constitutions.

It is undisputed Agnelli and the victim are registered co-owners of the vehicle. Agnelli clearly consented to having the tracking device placed on the vehicle, but the registered co-owner did not.  The plain language of the statute does not expressly indicate, in this situation, whether consent of all registered owners of the vehicle is required. Nor does the legislative history provide clarity.  (See § 630 ["The Legislature by this chapter intends to protect the right of privacy of the people of this state."].) Common people of ordinary intelligence must necessarily guess, and may differ, on the application of whether consent to all registered co-owners are required to place a tracking device on a vehicle.  Indeed, the lower court, counsel, and the jury were uncertain as to the application of this statute when only one co-registered owner provided consent.

This statute does not provide police officers, prosecutors, and the jury with definite guidelines in order to prevent arbitrary and discriminatory enforcement. (See *People v. Maciel* (2003) 113 Cal.App.4th 679, 683-684.) Defense counsel's closing argument stated that the law is unclear when there are two registered owners of the vehicle. The prosecuting attorney stated to the jury in his rebuttal argument: "You decide whether that's clear or not." When the jury submitted its question, the trial court acknowledged that this is a legal issue, but that it could not provide additional clarity. This places a risk that the jury will convict on a subjective basis.  (See *id.* at p. 684.)

7

It is undisputed there is prejudice to Agnelli as a result of this error. (*Chapman v. California* (1967) 386 U.S. 18, 24; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

DISPOSITION

The judgment is reversed.

Terri Flynn-Peister
Acting Presiding Judge

WE CONCUR:

Gregg Prickett
Judge

John Gastelum
Judge

Martin Schwarz, Public Defender, Sara Ross, Assistant Public Defender, and Shawn McDonald, Deputy Public Defender, for Defendant and Appellant.

Todd Spitzer, District Attorney, and David Chen, Deputy District Attorney, for Plaintiff and Respondent.